**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CLEAR SPRING PROPERTY AND** | § | |
| **CASUALTY COMPANY,** | § | |
| | § | |
| *Plaintiff*, | § | **C.A. No. _____** |
| | § | **Rule 9(h) Admiralty** |
| **V.** | § | |
| | § | |
| **LEE ROY MURRAY III** | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**AND REQUEST FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Plaintiff, Clear Spring Property and Casualty Company (herein referred to as "Clear Spring" or "Plaintiff"), and files this Original Complaint and Request for Declaratory Judgment, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201*, et seq*., and pursuant to Rule 57 of the Federal Rules of Civil Procedure, and would respectfully show the following:

**I.**

**PARTIES**

1.      Plaintiff Clear Spring Property and Casualty Company is a foreign corporation or other business entity duly organized and existing under and by virtue of the laws of State of Illinois with its principal place of business in Cook County, Illinois.

2.      Defendant Lee Roy Murray III (herein referred to as "Murray"), is an individual residing in the state of Texas who may be served with process at 1113 Vine #125, Houston, Texas 77002 or wherever he may be found.

## II.

## JURISDICTION AND VENUE

4.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, as this matter involves a dispute relative to a marine insurance contract.   Additionally, this complaint for declaratory relief is brought in accordance with 28 U.S.C. § 2201 *et seq*. under the heading of Title 151 entitled "Declaratory Judgment," and pursuant to Rule 57 of the Federal Rules of Civil Procedure.

5.      Venue of this matter is proper in this Court due to the fact that the Defendant is subject to personal jurisdiction in this District.   Venue is also proper in this district pursuant to the forum clause in the marine insurance contract between the parties.

## III.

## FACTUAL BACKGROUND

6.      Plaintiff, Clear Spring, issued marine insurance yacht Policy No. CSRYP/205202 to the named Assured, Defendant Lee Roy Murray III ("Defendant" or "Mr. Murray") providing coverage to the Scheduled vessel, *Starr of Florence*, a 2015 55' Gunboat (the "Policy").   The Policy was issued to Defendant with an effective period of August 16, 2021 to August 16, 2022. The Policy was issued by Plaintiff based on information and representations made by Defendant in the application for insurance process and letter of compliance on survey recommendations.

7.      Prior to the issuance of the Policy, on July 11, 2021, a pre-purchase survey was performed for the vessel.   The survey noted numerous recommendations, both regulatory related and other deficiencies.   The survey recommendations included, in part, fire extinguisher not having current service tag, split in the starboard rudder, as well as issues with the propulsion system

including salt buildup on the port transmission cooler and starboard transmission cooler leaking water.

8.      On August 5, 2021, and as part of the insurance application process, Mr. Murray signed a Letter of Survey Recommendations Compliance certifying that all work had been completed and that there were no outstanding recommendations from the vessel survey.  The Survey Compliance Letter further notes above Mr. Murray's signature: "**WARNING: Any misrepresentation in this letter of compliance may render insurance coverage null and void from inception**."

9.      The Policy further provides that "this contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstance material to our acceptance or continuance of this insurance" and "[w]here the term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the terms shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring agreement from inception, it is hereby agreed that any such breach will void this policy from inception." Policy ¶ 9 (m) and (t).

10.     The Policy also contains a condition precedent which required that Defendant provide notice to Plaintiff "[w]ithin 30 days of a loss giving rise to any claim" under the Policy.  This notice requirement is expressly noted to be "a condition precedent to [Plaintiff's] liability" under the Policy.  Policy ¶ 10 (2).

11.     In December 2021, Defendant, and his hired captain and operator, Chris McGinley, were transporting the vessel from Virginia to Ft. Lauderdale, Florida.  During the transport, Defendant disembarked from the vessel in Charleston, South Carolina.  The vessel, with McGinley as the operator and a first mate, continued to Ft. Lauderdale, Florida.  It has been alleged that at

some point during the trip from South Carolina to Florida in December 2021, the vessel: (1) may have been struck by another vessel while docked at Taylor Lane Marina in Dania Beach, causing damage to the port forward topsides; (2) sustained a port side transmission failure at the entrance of Port Everglades, Ft. Lauderdale, Florida; and (3) was grounded as it was entering Harbortown Marina damaging the starboard rudder.

12.     Despite these three alleged events or incidents, Defendant did not timely report or provide any notice to the Plaintiff.  Instead, in late December 2021, the Defendant pulled the vessel out of the water and commenced repairs.

13.     Then, approximately four months after the alleged damages, and after repairs had been made, on April 18, 2022, a Claim Notification was presented on the Policy for the first-time claiming rudder, hull, and transmission damages to the *Starr of Florence*.  It was initially reported that during the voyage from Charleston to Fort Lauderdale the transmission oil was not inspected and became contaminated from a bad seal damaging the transmission irreparably.  It was also initially reported that in moving the boat from the dock to the repair yard, the port side hull and starboard side rudder were damaged.

14.     Promptly after receiving the first notification of the alleged damages, Plaintiff sought information from Defendant and the operator of the vessel at the time of the alleged December 2021 events, as well as conducted further investigation.  Defendant's operator of the vessel at the time of the alleged events was uncooperative in providing necessary information regarding the alleged losses.  Ultimately,  Plaintiff's investigation and post-loss survey revealed that (1) there was no accident or fortuity that caused the transmission damage and the loss was caused by a lack of maintenance or operating the unit after all fluid leaked out due to a compromised seal; (2)  despite the various accounts, the cause of the topside impact remains

unknown as it was not discovered until after the vessel was taken out of the water and the majority of repairs had already been completed; (3) the vessel was operated in an unseaworthy condition; and (4) the grounding was likely the result of operating the vessel with one propulsion motor greatly affecting maneuverability.  The investigation further concluded that the recommendations made in the pre-purchase survey had not been completed.  These findings and actions/omissions of the Defendant are in direct breach of the insurance policy's express warranties, terms, and conditions precedent to coverage.

15.    On or about August 11, 2022, Clear Spring provided Lee Roy Murray a Reservation of Rights and Declination of Coverage advising Defendant of the breaches of the Policy's conditions, warranties, express warranties, terms and conditions precedent, as well as the additional exclusions to coverage, resulting in the voiding of the Policy, and denying coverage. All applicable premiums were returned.

16.    The Defendant's actions, omissions, misrepresentations, and breaches are in direct violation of the terms, conditions, warranties, and obligations under the Policy.

**IV.**

**<u>APPLICABLE POLICY PROVISIONS</u>**

The Policy contains, in part, the following relevant terms, conditions, obligations and warranties:

**Premier Commercial Yacht Insuring Agreement**

**SECTION I. DEFINITIONS**

d.    'Scheduled Vessel' means the vessel described on the declaration page, including machinery, electrical equipment, sails, masts, spars, rigging, and all other equipment normally required for the operation and maintenance of the vessel and situate on the Scheduled Vessel, which would normally be sold with the vessel. This does not include spare parts of the Scheduled Vessel, the Scheduled Vessel's life raft, tender or dinghy, unless the same has been declared on the declaration

page, nor does it include any items being stored on premises other than onboard the Scheduled Vessel.

k.      'Seaworthy' means fit for the Scheduled Vessel's intended purpose. Seaworthiness applies not only to the physical condition of the hull, but to all its parts, equipment and gear and includes the responsibility of assigning an adequate crew.  For the Scheduled Vessel to be seaworthy, it and its crew must be reasonably proper and suitable for its intended use.

**SECTION 2.  INSURING AGREEMENT**

This is a legally binding insurance contract between you and us, incorporating in full the application form signed by you.  We will provide the insurance coverage described in this insuring agreement, in return for payment to us of the premium due and compliance by covered persons with the provisions, conditions and warranties of this insuring agreement.

**3.  Coverage A, Hull, Machinery, Equipment and Dinghy**

If a sum insured is shown for Section A of the insuring agreement declaration page, we provide coverage for accidental physical loss of, or accidental physical damage to the Scheduled Vessel which occurs during the period of this insuring agreement and within the limits set out in the insuring agreement declarations page, subject to the insuring agreement provisions, conditions, warranties, deductibles and exclusions.

**Exclusions to Coverage A**

Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement.

…

b.      Losses due to wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould, animal and marine life.

c.      Marring, scratching or denting of the hull and/or equipment of the Scheduled Vessel.

…

e.      Manufacturing defects or design defects, including latent defects.

…

n.      Damage existing prior to the inception date of this insuring agreement, whether you are aware of the same or otherwise.

…

r.      Damage to the Scheduled Vessel's engines, mechanical and electrical parts, unless caused by an accidental event such as a collision, impact with a fixed or

floating object, grounding, stranding, ingestion of foreign object, lightning strike, or fire.

## 9.  General Conditions & Warranties

b.      It is warranted that the Scheduled Vessel is seaworthy at all times during the duration of this insuring agreement.  Breach of this warranty will void this insuring agreement from its inception.

c.      This insuring agreement incorporates in full your application for insurance and together with any endorsements issued herein, constitutes the entire contract between us.  At your request, various provisions of this insuring agreement may be varied by us but only by our prior written agreement.

*****

k.      If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that such equipment is properly installed and is maintained in good working order.   This includes the weighing of tanks once a year, certification/tagging and recharging as necessary.

*****

m.      This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstance material to our acceptance of continuance of this insurance.  No action or inaction by us shall be deemed a waiver of this provision.

*****

r.      Unless we agree in writing to the contrary, if we request a survey of the Scheduled Vessel then it is warranted that such survey is in existence prior to the effective date of this insurance and a copy of the same must be received by us within 30 days of the effective date of this agreement.   If the survey makes any recommendations with respect to the Scheduled Vessel, then it is warranted that all such recommendations are completed prior to any loss giving rise to any claim hereunder, by skilled workmen using fit and proper material and that either:

     i.      The surveyor who carried out the survey certifies in writing that all recommendations have been completed to his (the surveyor's) satisfaction prior to any loss and/or claim

     Or,

     ii.      The workmen/repair yard carried out the said work and/or recommendations certifies in writing that all recommendations have been completed prior to any loss and/or claim. Failure to comply with this warranty will void this agreement from inception.

\*\*\*\*\*

t.     Where the term herein is referred to as a 'warranty' or where any reference is made herein to the word "warranted', the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring agreement from inception, it is hereby agreed that any such breach will void this policy from inception.

## 10.  Your Duties In The Event Of A Loss

1.  Immediately take all possible steps to minimize the loss and protect the Scheduled Vessel from further loss.  Failure to do so may invalidate your insurance coverage or reduce the amount of any claim hereunder.

2.  Within 30 days of a loss giving rise to any claim hereunder give us written notification of the loss and its circumstances, this term is a condition precedent to our liability hereunder.

\*\*\*\*\*

5.  Give us an opportunity to examine the damaged property before it is repaired or discarded.

6. Submit a claim form and/or statement describing the loss, together with two estimates of repair cost and/or records to substantiate the amount of the loss.

\*\*\*

8.  Immediately forward to us any legal papers or notices received in connection with the loss.

9.  Cooperate with us in the investigation, defense or settlement of any loss and agree to be examined under oath if we so request.

## 11.  Service of Suit, Choice of Law and Forum

It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, the insuring agreement is subject to the substantive laws of the State of New York.

It is also hereby agreed that any dispute arising hereunder shall be subject to the exclusive jurisdiction of the Federal courts of the United States of America, in particular, the Federal District court within which you the Assured resides or the Federal District court within which your insurance agent resides.

**V.**

**BASIS FOR DECLARATORY JUDGMENT**

17.     The allegations contained in paragraphs 1 through 16 and Section IV, inclusive, are incorporated by reference as if set forth verbatim.

18.     Clear Spring has no obligation to provide coverage, defend, indemnify, or reimburse Defendant for the losses or claims arising out of any of the three December 2021 incidents involving the Defendant's vessel *The Starr of Florence* as the Policy is void based on the breach of express warranties and conditions regarding seaworthiness, survey compliance, and misrepresentations regarding coverage.

19.     Clear Spring further has no obligation to provide coverage, defense or indemnity to Defendants for the loss or claims arising out of any of the three December 2021 incidents or losses, as Defendant Mr. Murray has also failed to meet or comply with other conditions precedent, terms, and conditions for coverage under the Policy.  Specifically, Defendant Mr. Murray has wholly failed to provide timely notice of the claims to Clear Spring, which is a condition precedent to coverage.

20.     Defendant's actions and omissions prior to, at the time of, and subsequent to the alleged loss, are in breach of the Policy and void the insuring agreement from its inception.

21.     Further, and in addition to the foregoing, Clear Spring has no obligation to provide any coverage under the Policy for the transmission damage claim as such loss does not result from an accident or fortuity and is specifically subject to the exclusions to coverage in the Policy

## VI.

## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Clear Spring Property and Casualty Company prays for judgment:

(a) declaring that the Defendant Lee Roy Murray breached an express warranty under the Policy by failing to comply with the survey recommendations;

(b) declaring that the Defendant Lee Roy Murray breached an express warranty under the Policy by operating the vessel in an unseaworthy condition;

(c) declaring that the Defendant Lee Roy Murray breached an express warranty under the Policy though misrepresentations made in the Letter of Survey Compliance;

(d) declaring that the Defendant Lee Roy Murray breached the terms and conditions of the Policy by failing to timely report any of the subject losses;

(e) declaring that Plaintiff owes nothing to Defendant Lee Roy Murray under the Policy for the transmission damages claimed based on the specific terms and exclusions in the Policy;

(f) declaring that Plaintiff owes nothing to Defendant Lee Roy Murray for any of the three losses claimed for damages to the vessel's transmission, port forward topsides, and starboard rudder;

(g) declaring that Plaintiff does not owe defense, indemnity or reimbursement to Defendant Lee Roy Murray under the Policy or otherwise for any claim or loss related to the transmission damage, the port forward topsides, or starboard rudder damage allegedly occurring in December 2021;

(h) for all costs of court; and

(i) for all further relief to which Clear Spring may show itself entitled either at law or in equity.

On this the 11th day of August, 2022.

Respectfully submitted,

**KEAN MILLER LLP**

*/s/ Timothy W. Strickland*
TIMOTHY W. STRICKLAND
*Attorney-in-Charge*
S.D. Bar No. 13820
Texas Bar No. 19396298
STACEY T. NORSTRUD
S.D. Bar No. 32013
Texas Bar No. 24025363
711 Louisiana Street, Ste. 1800 South Tower
Houston, Texas 77002
Telephone:  713-844-3000
Facsimile:  713-844-3030
Tim.Strickland@keanmiller.com
Stacey.Norstrud@keanmiller.com

***ATTORNEYS FOR PLAINTIFF,
CLEAR SPRING PROPERTY AND
CASUALTY COMPANY***